IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KBS PHARMACY, INC.            :        CIVIL ACTION
                             :
            v.               :
                             :
JIGAR PATEL, et al.          :        NO. 21-1339

MEMORANDUM

Bartle, J.                                      June 9, 2021

Plaintiff KBS Pharmacy, Inc. d/b/a Bensalem Pharmacy has sued for damages and injunctive relief arising out of the formation and operation by the individual defendants of a competing pharmacy, also a defendant, less than 100 yards from plaintiff's location. Plaintiff alleges violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, as well as twelve counts under state law. Plaintiff is a Pennsylvania corporation. The individual defendants, Jigar Patel, Christine Crager, and Sima Patel, as well as the one member of the defendant BVM Enterprise, LLC d/b/a Smart Choice Pharmacy, a Pennsylvania limited liability company, are likewise all citizens of the Commonwealth.[1] See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

---

1.  Defendant Sima Patel is the sole member of BVM Enterprise, LLC.

Defendants have moved to dismiss the claims under the CFAA as well as nine of twelve state law claims for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  If the court dismisses the CFAA claim, defendants request in the alternative that the court dismiss all the supplemental state law claims under 28 U.S.C. § 1367 since there is no diversity of citizenship.

I

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

On a motion to dismiss under Rule 12(b)(6), the court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen

-2-

Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

II

The court accepts as true for present purposes all well-pleaded facts in the complaint.  See Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  Plaintiff alleges that it employed defendant Jigar Patel as a licensed pharmacist and defendant Christine Crager ("Crager") as a pharmacy technician.  They both had signed identical Confidentiality Agreements ("Agreement") and acknowledged the terms of the Employee Handbook ("Handbook") as a condition of employment.  In 2018, Jigar Patel began negotiations with plaintiff to purchase its business assets.  The negotiations culminated in a memorandum of understanding.  In 2020, however, Jigar Patel and Crager resigned and together with defendant Sima Patel, the wife of Jigar Patel, opened Smart Choice Pharmacy ("Smart Choice") only a short distance from plaintiff.

According to the complaint, Jigar Patel and Crager, as plaintiff's employees, were authorized to access confidential patient information on plaintiff's computer pursuant to their Agreements.  Those agreements provided in relevant part:

> The undersigned, as a current or proposed
> employee of Bensalem Pharmacy or an
> affiliate company, in consideration of
> employment and/or continued employment, does
> hereby agree that he/she has or will have

> access to patient information and records
> together with other information and
> documentation which would not be made
> available to the public or any other person
> or entities; and further agrees not to
> disclose or to divulge information
> whatsoever regarding . . . patients, patient
> information, records, referring sources,
> physicians, or other information or
> documentation regarding the corporation or
> its patients or customers.

Further, there is a Handbook which restricts the use of confidential patient records and states that computers are to be used only in connection with employment.

While still employees Jigar Patel and Crager "surreptitiously" obtained confidential and trade secret information, including names and contact information for existing pharmacy customers, from plaintiff's computer system to be used for the operation and management of Smart Choice. Defendants used this information to contact customers and have them execute authorizations to transfer their records to Smart Choice. Defendant Sima Patel "facilitated and encouraged her husband's efforts." Within weeks after Jigar Patel and Crager resigned, almost 70% of plaintiff's customers had requested that their pharmacy records and business be transferred to Smart Choice.

### III

The CFAA provides in § 1030:

(a) Whoever-

(2) intentionally accesses a computer
without authorization or exceeds
authorized access, and thereby obtains-

(C) information from any protected
computer;

(4) knowingly and with intent to
defraud, accesses a protected computer
without authorization or exceeds
authorized access, and by means of such
conduct furthers the intended fraud and
obtains anything of value, unless the
object of the fraud and the thing
obtained consists only of the use of
the computer and the value of such use
is not more than $5,000 in any 1-year
period;

shall be punished as provided in subsection
(c) of this section.

The CFAA contains certain definitions.  "Protected
computer" means a computer "which is used in or affecting
interstate or foreign commerce or communication."  18 U.S.C.
§ 1030(e)(2).  "Exceeds authorized access" means "to access a
computer with authorization and to use such access to obtain or
alter information in the computer that the accesser is not
entitled so to obtain or alter."  18 U.S.C. § 1030(e)(6).

The CFAA is a criminal statute found in Title 18 of
the United States Code.  Our Court of Appeals has recognized
that it also provides for a civil action for damages as well as
injunctive and other equitable relief.  See 18 U.S.C. § 1030(g);

P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal

Superstore, LLC, 428 F.3d 504 (3d Cir. 2005).

          The Supreme Court days ago decided in Van Buren v.

United States, 593 U.S. ___ (2021), that a person with

authorized access to a computer does not violate the CFAA by

using information obtained in an improper way.  The term

"exceeds authorized access" in the CFAA as noted above means "to

access a computer with authorization and to use such access to

obtain or alter information in the computer that the accesser is

not entitled so to obtain or alter."  18 U.S.C. § 1030(e)(6).

The Supreme Court explained in Van Buren that "[t]his provision

covers those who obtain information from particular areas in the

computer – such as files, folders, or databases – to which their

computer access does not extend.  It does not cover those who

. . . have improper motives for obtaining information that is

otherwise available to them."  Van Buren, 593 U.S. at 1.  The

Court found that this is true even when the defendant knew that

his search of the computer database would violate his employer's

policy for proper use of that database.  Id. at 4.

          Thus, the CFAA focuses on the question whether a

defendant had authorized access to information, not on whether a

defendant later misused it or on whether a defendant's motive

was improper.  Id. at 17-18.  The CFAA simply does not encompass

the employee's misuse of the information if the employee had

authorized access to the information in the computer in the first place.  According to the complaint, plaintiff had given Jigar Patel and Crager access to customer pharmacy records. Plaintiff alleges they later misused the information in violation of their Agreements, the Handbook, and state law. Taking the allegations in the complaint as true, plaintiff has not stated a claim under the CFAA against defendants Jigar Patel and Crager.

Plaintiff of course may have valid state law remedies against defendants for breach of a confidentiality agreement and for misuse of confidential information, but the CFAA does not supply those remedies.  The CFAA claim against defendants Jigar Patel and Crager in Count I will be dismissed.

IV

Defendant Sima Patel argues that the CFAA claim against her should also be dismissed because she is not alleged to have accessed plaintiff's computer.  Under the CFAA, a party may be held liable if the party directs, encourages, or induces someone with rightful access to a computer to provide information contained therein when that party did not have authorized access himself or herself.  Plaintiff alleges that Sima Patel has an interest in Smart Choice that competes with plaintiff and that she facilitated and encouraged her husband's

-7-

efforts to access plaintiff's computer to obtain its pharmacy records.

While she did not have direct access to plaintiff's computer, the CFAA reaches her conduct, that is her indirect access, even though her husband and Crager escape liability under that statute.  Liability against her exists because she was involved in the scheme to obtain plaintiff's information without having authorized access to plaintiff's computer. See Teva Pharm. USA, Inc. v. Sandhu, 291 F. Supp. 3d 659, 667-71 (E.D. Pa. 2018); Brand Energy & Infrastructure Servs., Inc. v. Irex Contracting Grp., 2017 WL 1105648, *14-16 (E.D. Pa. Mar. 24, 2017).  Thus, her motion to dismiss Count I will be denied.

Finally, the court will grant the motion of defendant Smart Choice to dismiss the CFAA claim against it.  There is no allegation in the complaint that this defendant had access to plaintiff's computer or that this defendant urged anyone to access the computer.  While the complaint states that "Sima, the alleged 'owner' of Smart Choice Pharmacy, at all relevant times, facilitated and encouraged her husband's efforts," the complaint does not aver that she was acting on behalf of Smart Choice in doing so or that Smart Choice even existed at that time.  See ¶ 59.  Smart Choice was merely a passive recipient of the information at issue.  Dresser-Rand Co. v. Jones, 957 F. Supp. 2d 610, 615 (E.D. Pa. 2013).

-8-

V

The CFAA claim, the basis of our subject matter jurisdiction over these non-diverse parties, remains against Sima Patel alone.  18 U.S.C. § 1367(a) permits a federal district court to exercise supplemental jurisdiction over state law claims that are "so related to claims in the action" over which the court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

This statute codified the Supreme Court's jurisdictional standard set forth in United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), which requires a federal claim to "have substance sufficient to confer subject matter jurisdiction" and requires the state and federal claims to stem from "a common nucleus of operative facts" for a court to exercise supplemental jurisdiction.  Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995)(quoting Gibbs, 383 U.S. at 725).  The decision to exercise jurisdiction is discretionary and "should be based on considerations of 'judicial economy, convenience and fairness to the litigants.'"  New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1505 (3d Cir. 1996)(quoting Gibbs, 383 U.S. at 726).

All of the counts in plaintiff's complaint arise from the same case or controversy and relate to "a common nucleus of

-9-

operative fact" regarding the defendants' alleged theft and use of plaintiff's customer information to set up a competing pharmacy nearby.  We have original jurisdiction over the CFAA claim.  It furthers judicial economy and convenience to the parties to hear all of the claims in this complaint together rather than forcing the parties to litigate this action separately at both the state and federal levels.  As the CFAA claim remains against at least one defendant, this court will exercise supplemental jurisdiction over the remaining state law claims as to all defendants.

VI

Defendants next seek to dismiss Count II for breach of fiduciary duty against Jigar Patel and Crager because they argue that this claim is barred by Pennsylvania's gist of the action doctrine.  The gist of the action doctrine precludes a claim sounding in tort when the nature of the duty alleged to have been breached is based on a contract between the parties and is instead a breach of contract claim.  Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014).  The Pennsylvania Supreme Court has explained that "[i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract" then the claim is a breach of contract, but if "the facts establish that the claim involves the defendant's violation of a broader social duty owed to all

-10-

individuals" which exists regardless of the contract, then the claim is for a tort.  Id.

Defendants aver that plaintiff's breach of contract claim is identical to its breach of fiduciary duty tort claim and that the source for both claims is the contract between the parties.  Plaintiff counters that Jigar Patel and Crager, as its employees, owed it a duty of loyalty and were acting as plaintiff's fiduciary in the course of their relationship. Plaintiff also asserts that dismissal based on the gist of the action is premature at this stage.

Pennsylvania courts have found the gist of the action doctrine to bar tort claims that arise solely from a contract, are based on duties or liabilities created by or grounded in the contract, or are duplicative of a breach of contract claim. eToll, Inc. v. Elias/Savion Advert., Inc., 811 A.2d 10, 19 (Pa. Super. Ct. 2002).  A court determines whether a claim sounds in contract or tort based on the "source of the duties allegedly breached."  Plexicoat Am., LLC v. PPG Architectural Finishes, Inc., 9 F. Supp. 3d 484, 486 (E.D. Pa. 2014).  "As a general rule, Pennsylvania courts are cautious about permitting tort recovery on contractual breaches," but the mere existence of a contract between the parties does not bar all tort claims. Brown & Brown, Inc. v. Cola, 745 F. Supp. 2d 588, 619 (E.D. Pa. 2010).

-11-

As a condition of employment with plaintiff, Jigar Patel and Crager had to sign an Agreement and Handbook "[t]o protect the Plaintiff's interest in its business and confidential information."  See ¶ 17.  As previously stated, the Agreement provides that:

> [t]he undersigned . . . in consideration of employment . . . does hereby agree that he/she has or will have access to patient information and records . . . which would not be available to the public or any other persons or entities; and further agrees not to disclose or to divulge information whatsoever regarding . . . patients, patient information, records, referring sources, physicians, or other information or documentation regarding the corporation or its patients or customers.

The Handbook includes prohibitions against actions such as releasing patient information without the patient's permission, misusing or removing information from the property without authorization, or using the equipment without authorization.  It also states that computers are to be used only in connection with employment and that confidential information should not be disclosed for any reason except as required by the position. The Agreement and Handbook together are binding upon Jigar Patel and Crager in the course of their employment with plaintiff.

Plaintiff's claim for breach of fiduciary duty alleges that Jigar Patel and Crager owed plaintiff a duty of loyalty as its employees and that they breached this duty through such

actions as, among others, engaging in activities detrimental to plaintiff's business, soliciting customers by misappropriating confidential information, and diverting business.  These allegations are identical to those that plaintiff brings against Jigar Patel and Crager for breach of contract.  The source of these duties is the Agreement and Handbook that Jigar Patel and Crager both signed as a condition of their employment.  These documents stipulate how they as employees may access and use confidential information, and they outline other prohibited conduct.

The facts alleged in plaintiff's complaint do not adequately plead an independent larger social duty that Jigar Patel and Crager owed to plaintiff beyond the terms of their employment as governed by the Agreement and Handbook.  As such, Count II will be dismissed pursuant to the gist of the action doctrine.

VII

Defendants also seek to dismiss Count III brought against Jigar Patel and Crager for breach of the duty of good faith because of the gist of the action doctrine.  Plaintiff maintains that employees owe their employer a duty of good faith and that it is premature to bar this claim.

Under Pennsylvania law, "[e]very contract imposes on each party a duty of good faith and fair dealing in its

-13-

performance and its enforcement." Kaplan v. Cablevision of PA, Inc., 671 A.2d 716, 721-22 (Pa. Super. Ct. 1996)(quoting Restatement (Second) of Contracts, § 205).  However, "this obligation of good faith is tied specifically to and is not separate from the duties a contract imposes on the parties." Murphy v. Duquesne Univ. of the Holy Ghost, 777 A.2d 418, 434 n.11 (Pa. 2001).  "As such, Pennsylvania does not recognize a separate cause of action for such breaches." David v. Neumann Univ., 187 F. Supp. 3d 554, 561 (E.D. Pa. 2016).

While plaintiff is correct in claiming that Jigar Patel and Crager, as its employees, owed it a duty of good faith within the scope of their employment, this duty is not separate from their duties pursuant to their contracts.  Count III for breach of the duty of good faith will be dismissed.

VIII

In Count V of the complaint, plaintiff alleges that all defendants intentionally interfered with customer relations and a prospective economic advantage by undermining plaintiff's relationship with its customers and interfering with its business when defendants solicited customers away to a competing pharmacy.  Defendants argue that their actions are exempt from liability under the privilege for competing businesses.

For a party to prevail on a claim for tortious interference with existing or prospective contractual relations

-14-

it must prove: (1) "the existence of a contractual or
prospective contractual or economic relationship between the
plaintiff and a third party;" (2) "purposeful action by the
defendant, specifically intended to harm an existing
relationship or intended to prevent a prospective relation from
occurring;" (3) "the absence of privilege or justification on
the part of the defendant;" (4) "legal damage to the plaintiff
as a result of the defendant's conduct;" and (5) "for
prospective contracts, a reasonable likelihood that the
relationship would have occurred but for the defendant's
interference."  Acumed, LLC v. Advanced Surgical Servs., Inc.,
561 F.3d 199, 212 (3d Cir. 2009).  Plaintiff has the burden to
prove that the defendant was not privileged or justified in its
action.  Id. at 214.

The business competition privilege "recognizes that
competitors, in certain circumstances, are privileged in the
course of competition to interfere with others' prospective
contractual relationships" when:

> (a) the relation concerns a matter involved
> in the competition between the actor and the
> other; (b) the actor does not employ
> wrongful means; (c) his action does not
> create or continue an unlawful restraint of
> trade; and (d) his purpose is at least in
> part to advance his interest in competing
> with the other.

Id. at 215 (citing Restatement (Second) of Torts, § 768).
Wrongful means include, but are not limited to, "physical
violence, fraud, civil suits and criminal procedures" and must
be actionable as a separate cause of action.   Id.

Defendants do not dispute that plaintiff had an
existing economic or contractual relationship with its
customers.  Plaintiff alleges in its complaint that defendants,
without privilege, purposely acted in accessing customer
information and soliciting business from these customers away
from plaintiff for a competing pharmacy.  Plaintiff maintains
that the privilege for competing businesses does not apply to
defendants because they used wrongful means by improperly taking
customer information and using it to set up a competing
business.

According to the facts in the complaint, defendants
either took patient information without permission to use for
personal gains in violation of the Agreement and Handbook, in
the case of Jigar Patel and Crager, or encouraged and benefitted
from this information, in the case of Sima Patel and Smart
Choice.  Therefore, plaintiff has properly pleaded that
defendants used wrongful means and thus are not privileged in
their actions.  The motion to dismiss Count V will be denied.

IX

Defendants next seek to dismiss Count VI against them for misappropriation of trade secrets.  The Pennsylvania Uniform Trade Secrets Act ("PUTSA") defines a trade secret as:

> Information, including a formula, drawing, pattern, compilation including a customer list . . . that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

12 Pa. C.S. § 5302.  Misappropriation, as defined under the statute, "[i]ncludes: (1) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" as well as "(2) disclosure or use of a trade secret of another without express or implied consent."  Id.

Defendants argue that plaintiff has failed to plead facts that a trade secret exists in this matter.  They aver that plaintiff has not explained how its customer information is a trade secret since it is information that belongs to the patients and not plaintiff, and plaintiff has not pleaded any facts that it made material investments to compile the list.  Plaintiff counters that it is the owner of the customer lists which include medication requirements and pricing information

-17-

and that it took reasonable measures to ensure the confidentiality of this information by having employees sign an Agreement and limiting access to the information.

Some of the factors which courts in this Commonwealth will look to when determining if something is a trade secret are the extent it was known outside of the business, the extent it was known to employees, the measures taken to protect that information, the value of the information to the company and competitors, the money or effort invested in compiling the information, and the ease with which that information can be acquired by others.  Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010).  Whether something is a trade secret is a very fact-specific inquiry and is usually a question for the jury as the fact-finder.  Certainteed Ceilings Corp. v. Aiken, 2015 WL 410029, at *4 (E.D. Pa. Jan. 29, 2015).

Due to the fact-intensive nature of whether information is a trade secret, it cannot be determined at this time whether the customer lists in this matter are trade secrets.  That is ultimately a question for the jury to determine after discovery has been conducted.  As customer lists are included in the statutory definition for a trade secret, plaintiff has stated sufficient facts to support a claim under the PUTSA at this time.

-18-

X

Defendants assert that plaintiff fails to state a claim in Count VII for unjust enrichment because the allegations to support this count are based on an enforceable contract that governs the relationship between the parties.  Plaintiff argues in opposition that defendants have been unjustly enriched with plaintiff's customer information and that a constructive trust is necessary as a remedy against this enrichment.

Our Court of Appeals has explained that in a claim for unjust enrichment a party "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider."  Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987). However, under Pennsylvania law, unjust enrichment is a quasi-contractual doctrine that is "inapplicable when the relationship between the parties is founded on a written agreement or express contract."  Id.  "Where an express contract governs the relationship of the parties, a party's recovery is limited to the measure provided in the express contract" and there can be no separate recovery for unjust enrichment.  Id.

The relationship between plaintiff and Jigar Patel and Crager is founded on a written Agreement and Handbook that determine the scope of their employment relationship.  As there

-19-

is an express contract that governs their relationship,
plaintiff cannot recover a claim for unjust enrichment against
either Jigar Patel or Crager.

However neither Sima Patel nor Smart Choice had an
enforceable contract with plaintiff.  Plaintiff alleges in its
complaint that defendants have all been unjustly enriched by the
customer information that Jigar Patel and Crager took from
plaintiff.  According to the complaint, Sima Patel and Smart
Choice received the benefit of the customer information in
setting up a new pharmacy and getting business from 70% of
plaintiff's customers.  Plaintiff has sufficiently stated facts
to plead a claim of unjust enrichment against these two
defendants in Count VII.

XI

An injunction is a remedy, not a cause of action.
Birdman v. Office of the Governor, 677 F.3d 167, 172 (3d Cir.
2012).  A plaintiff must allege a separate cause of action to
seek a remedy.  Id.  Count VIII of plaintiff's complaint is for
an injunction against the use or disclosure of trade secrets.
Since this count states a remedy rather than a cause of action,
it will be dismissed.  Because plaintiff has already included a
request for injunctive relief in Count VI for misappropriation
of trade secrets, it will not be necessary to amend the
complaint to include a request for injunctive relief.

-20-

Similarly, Count IX of plaintiff's complaint will also be dismissed as it merely seeks an injunction against all defendants.  This dismissal does not affect plaintiff's right to seek injunctive relief against defendants where appropriate with respect to other counts.

XII

Defendants also seek to dismiss the fraud claim against all defendants in Count XII.  Plaintiff alleges in its complaint that Jigar Patel made misrepresentations about his desire to purchase plaintiff's business and then backed out of the deal and resigned his employment to open a new pharmacy. Defendants argue that plaintiff fails to plead justifiable reliance and damages necessary to sustain a fraud claim and that this count should also be barred by the gist of the action doctrine because it is based on an enforceable contract. Plaintiff counters that Jigar Patel's misrepresentations were intended to mislead plaintiff about his desire to purchase the business and that, as a result, plaintiff lost a significant customer base when Jigar Patel and Crager left to set up a new pharmacy.

In a claim for fraud, a plaintiff must prove that there was a false representation material to the transaction that was made with the intention of misleading the recipient into relying on the misrepresentation, and the recipient

suffered injury after justifiably relying on that misrepresentation.  Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994).  Plaintiff alleges that Jigar Patel made misrepresentations about his intent to purchase plaintiff's business.  The complaint, however, does not include allegations of misrepresentations against any of the other defendants.

This count against Jigar Patel fails for another reason.  Plaintiff does not allege that it suffered any damage as a result of any justifiable reliance on Jigar Patel's statements of interest in purchasing the business.  Plaintiff makes no claims that these statements led it to forego other business opportunities or any other allegations that would indicate that plaintiff relied on Jigar Patel's interest in purchasing the business and acted in reliance on that interest to its detriment.  Accordingly, this court will dismiss Count XII of the complaint as to all defendants.

XIII

Defendants seek to dismiss Count XIII of plaintiff's complaint for punitive damages.[2]  Plaintiff did not oppose dismissal of this count in its brief in opposition to defendants' motion to dismiss.

---

2.  Plaintiff incorrectly labeled this count as Count XI in its complaint.

Under Pennsylvania law, a request for punitive damages is not a separate cause of action but is "merely incidental to a cause of action."  Nix v. Temple Univ. of the Commonwealth Sys. of Higher Educ., 596 A.2d 1132, 1138 (Pa. Super. Ct. 1991); see also Hilbert v. Roth, 149 A.2d 648, 652 (Pa. 1959).  Plaintiff seeks punitive damages as relief in Counts I-VI, X, and XII.  Count XIII will be dismissed as a separate cause of action for punitive damages.

XIV

Finally, defendants move to dismiss plaintiff's request in its complaint for attorneys' fees for all counts except Count VI under the PUTSA.  Under the American Rule of litigation, a party is typically not entitled to recover attorneys' fees from an adverse party "absent explicit congressional authorization."  Key Tronic Corp. v. United States, 511 U.S. 809, 814-15 (1994); see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240 (1975).  A "clear agreement by the parties" for the provision of attorneys' fees or "some other established exception" may also support recovery.  Merlino v. Delaware Cty., 728 A.2d 949, 951 (Pa. 1999).

Plaintiff has not in its complaint or brief in opposition pointed to any agreement between the parties or established exception that would permit recovery of attorneys' fees for its common law claims.  The CFAA does not include a

provision for attorneys' fees.  The PUTSA, however, does include a statutory basis for attorneys' fees in certain instances.  <u>See</u> 12 Pa. C.S. 5305.  Plaintiff's request for attorneys' fees in Count VI under the PUTSA will remain.  This court will dismiss the complaint insofar as plaintiff seeks attorneys' fees for the remaining Counts I, IV, V, VII, X, and XI.